**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0175-14T1
                A-1042-14T1

IN THE MATTER OF THE
ESTATE OF SELMA H. LEDERER,
Deceased.

_____

Argued December 20, 2016 - Decided  March 16, 2017

Before Judges Reisner, Koblitz and Sumners.

On appeal from the Superior Court of New Jersey, Chancery Division, Probate Part, Bergen County, Docket Nos. P-048-07 and P-020-13.

Jay Joseph Friedrich argued the cause for James Lederer, Jessica Lederer and Jeremy Lederer, appellants in A-1042-14 and respondents in A-0175-14 (Friedrich & Friedrich, PA, attorneys; Mr. Friedrich, of counsel and on the briefs).

Harry D. McEnroe argued the cause for Michelle Lederer and Mark Lederer, respondents in A-1042-14 and A-0175-14 (Tompkins, McGuire, Wachenfeld & Barry, LLP, attorneys; Mr. McEnroe, of counsel and on the briefs).

Marc J. Gross argued the cause for intervenor Trinity Bui as guardian ad litem for minor J.L., respondent in A-1042-14 and appellant in A-0175-14 (Greenbaum, Rowe, Smith & Davis, LLP, attorneys; Mr. Gross, of counsel and on the briefs).

Gregory S. Tabakman argued the cause for Stuart Reiser, administrator of the estate, respondent in A-1042-14 (Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP, attorneys; Mr. Reiser, of counsel; Mr. Tabakman, on the brief).

PER CURIAM

These two appeals, which we have consolidated for purposes of this opinion, concern long-running litigation over the estate of Selma H. Lederer, including disputes over inter vivos transfers and several wills. In A-1042-14, defendants James Lederer, Jessica Lederer and Jeremy Lederer appeal from a September 12, 2014 order, embodying the following provisions: granting a motion by plaintiffs Mark and Michelle Lederer to confirm an August 11, 2014 arbitration award, declaring decedent's March 21, 1997 will as her valid and binding last will and testament and awarding other relief; denying defendant's cross-motion to vacate the award; entering judgment against defendants consistent with the terms of the award; and appointing Stuart Reiser, Esquire, as the administrator, C.T.A. of the estate.[1]  In A-0175-14, James Lederer's minor son, J.L., through his mother and guardian ad litem Trinity Bui, appeals from a June 10, 2014 order dismissing

---

[1] Arguably, the September 12, 2104 order was interlocutory, however, we have determined to hear the matter and thus grant leave to appeal.

his complaint seeking to probate a copy of a purported will dated August 26, 2000, and an amended judgment dated July 10, 2014. He also appeals from an August 29, 2014 order denying reconsideration.

In both cases, Judge Robert P. Contillo decided all issues thoroughly and correctly in a series of cogent written and oral opinions, including a February 28, 2011 written opinion, a June 10, 2014 oral opinion, and a September 12, 2014 oral opinion. We affirm substantially for the reasons he stated. Except as addressed in this opinion, appellants' arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

I

We begin by addressing the appeal in A-0175-14. The pertinent history of the case is set forth in our prior opinion, dismissing J.L.'s interlocutory appeal.[2] In re Estate of Lederer, A-2271-12 (App. Div. April 1, 2014). Those details need not be repeated here. Briefly, the adult parties participated in protracted litigation concerning several of Selma's inter vivos transfers and wills. During discovery, a document surfaced, which defendants

_____

[2] Intending no disrespect, we will refer to the parties, and the decedent, by their first names. We use the first names the parties used in their briefs.

claimed was a copy of a handwritten will, signed by Selma and naming J.L. as one of the beneficiaries.[3]

As the trial date approached, the adult parties signed an agreement to submit the entire dispute to binding arbitration. However, J.L. was not a party to the adults' litigation and he did not participate in the arbitration. In one of several awards, the arbitrator found that the August 26, 2000 document[4] was not a valid will, because it was the product of undue influence. When plaintiffs filed a motion to confirm the arbitrator's award, J.L. intervened in the motion to protect his interests.

As described in our prior opinion, Judge Contillo confirmed the arbitrator's award as it applied to the adult parties only, but he gave J.L. a choice of two remedies - either to reopen the arbitration concerning the August 26 will, or to submit the August 26 will for probate and allow the parties to litigate the will's validity before Judge Contillo. J.L. chose to submit the will for probate. Plaintiffs filed objections to the will, and Judge Contillo conducted a trial as to its validity.

---

[3] None of the other wills involved in the litigation or the arbitrations named J.L. as a beneficiary.

[4] In the interest of brevity, we will refer to this copy of a document as "the August 26 will," without intending to imply any conclusion as to its validity.

After hearing J.L.'s evidence, Judge Contillo dismissed his complaint seeking to probate the August 26 will. In a lengthy and detailed oral opinion issued on June 10, 2014, Judge Contillo observed that the purported will, only a copy of which was produced, appeared to be a set of handwritten instructions for the eventual preparation of a will. He also concluded that J.L. had not presented prima facie evidence from which the court could possibly conclude, by clear and convincing evidence, that the proffered document in fact represented Selma's last will and testament.

On this appeal, J.L. raises a series of arguments directed at the alleged unfairness of the arbitration. Those arguments are without merit. J.L. eschewed the chance to re-open the arbitration and, instead, he received a full and fair opportunity to litigate the validity of the purported will in a trial before Judge Contillo. He failed to carry his heavy burden of proof in that trial.

Citing the doctrine of dependent relative revocation, J.L. also contends that because the arbitrator found that Selma's September 11, 2000 will was the product of undue influence, the August 26, 2000 will must be considered valid. See In re Estate of Smalley, 131 N.J. Eq. 175, 177 (Prerog. Ct. 1942) (explaining the doctrine of dependent relative revocation). That argument is

without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

We affirm the orders on appeal.

II

Next, we address the appeal in A-1042-14.  As previously noted, shortly before the scheduled trial in the adults' probate litigation, they entered into a comprehensive arbitration agreement. Specifically, they agreed to submit "all matters subject to this action" to binding arbitration before a retired former Chief Justice of the Supreme Court.  They agreed that the arbitrator "has the discretion to issue the award with or without reasons."  The agreement did not require that a verbatim record be made of the arbitration, although it permitted either party to have a court reporter present at his or her own expense.[5]  The agreement authorized the arbitrator to "award attorney's fees and costs to either, both, or none of the parties."

The parties agreed that the arbitrator's award "shall be final and binding upon the parties without appeal or review except as permitted by the applicable New Jersey Law."

The agreement specified that the arbitration would be governed by "the New Jersey Arbitration Act, N.J.S.A. 2A:24-1 et

---

[5] No transcript has been provided to us, and the arbitrator's awards confirm that no verbatim record was made.

seq." As Judge Contillo recognized in his February 28, 2011 opinion, that reference appears to be a typographical error, because <u>N.J.S.A.</u> 2A:24 governs collective bargaining agreements. The correct citation is <u>N.J.S.A.</u> 2A:23B, governing "all agreements to arbitrate made on or after January 1, 2003" except for collective bargaining-related arbitration. <u>See</u> <u>N.J.S.A.</u> 2A:23B-3; <u>Kimm v. Blisset, L.L.C.</u>, 388 <u>N.J. Super.</u> 14, 28 (App. Div. 2006), <u>certif. denied</u>, 189 <u>N.J.</u> 428 (2007). However, as Judge Contillo noted, the relevant provisions of both statutes, concerning vacating an award where an arbitrator exceeded his or her powers, are essentially the same. <u>See</u> <u>N.J.S.A.</u> 2A:23B-23(a)(4); <u>N.J.S.A.</u> 2A:24-8(d).

After multiple arbitration sessions, the arbitrator issued a series of awards favorable to plaintiffs, finding that James exercised undue influence over Selma in the preparation of several wills and in the making of several inter vivos transfers. Ultimately, Judge Contillo confirmed all of the awards.

On this appeal, defendants present the following points of argument:

> POINT I: THE ARBITER AND COURT HAD AN OBLIGATION TO REVIEW EACH AND EVERY AFFIRMATIVE DEFENSE RAISED BY APPELLANTS PRIOR TO RULING ON OR AFFIRMING ANY AWARDS.

POINT II: NEITHER THE ARBITER NOR COURT HAVE THE RIGHT TO MODIFY THE ARBITRATION AGREEMENT WITHOUT THE CONSENT OF ALL PARTIES.

POINT III: NEITHER THE ARBITER NOR COURT HAVE A RIGHT TO REFUSE TO CONSIDER EVIDENCE MATERIAL TO THE CONTROVERSY SUBMITTED FOR ITS CONSIDERATION.

POINT IV: THE ARBITER DOES NOT HAVE THE RIGHT UNDER THE ARBITRATION STATUTE AND ARBITRATION AGREEMENT TO ARBITRARILY AND CAPRICIOUSLY FIND THAT ONE OR MORE OF THE DEFENDANTS IS LIABLE WITHOUT ANY FINDINGS OF FACT OR LAW THAT THEY UNDULY INFLUENCED THE TESTATOR AND THEIR REJECTION OF PLAINTIFFS' CLAIMS CONSTITUTE LIABILITY.

POINT V: THE ARBITER DOES NOT HAVE THE RIGHT TO IMPOSE SANCTIONS ON THE DEFENDANT THAT ARE BASED ON AN ERRONEOUS VIEW OF LAW OR ON A CLEARLY ERRONEOUS ASSESSMENT OF THE EVIDENCE.

POINT VI: THE COURT CANNOT DIRECT A FORMAL ACCOUNTING BY JAMES LEDERER BECAUSE THE ARBITER MERELY DIRECTED THAT HE ASSIST THE ADMINISTRATOR TO BE APPOINTED, WHO WAS NOT APPOINTED AT THE TIME OF THE ORDER, AND THEREAFTER SANCTION DEFENDANTS FOR NOT COMPLYING AT A RATE OF $500 PER DAY.

POINT VII: THE ARBITER AND JUDGE HAVE AN OBLIGATION TO PROTECT THE INTERESTS OF A MINOR.

POINT VIII: THE ARBITER HAS AN OBLIGATION TO REVIEW EACH ALLEGED GIFT AND THE FACTS PERTAINING TO SAME PRIOR TO DETERMINING THAT THE GIFT WAS UNDULY INFLUENCED.

POINT IX: THE COURT DOES NOT HAVE THE RIGHT TO APPOINT AN ADMINISTRATOR CTA AND A REPRESENTATIVE OF THE DEFENDANTS WHO REPRESENTED ALAN DAVIDSON, ESQ. IN THE MAURICE LEDERER LITIGATION.

8

Several of the arguments are unreviewable, because the parties agreed that the arbitrator need not give reasons for his decisions, and there is no verbatim record of the arbitration. Other arguments founder on the well-established principle that alleged factual or legal errors in an arbitrator's decision are not grounds to vacate an award. <u>Tretina Printing, Inc. v. Fitzpatrick & Assocs.</u>, 135 <u>N.J.</u> 349, 357-59 (1994); <u>Minkowitz v. Israeli</u>, 433 <u>N.J. Super.</u> 111, 135-36 (App. Div. 2013). Still other points rely on rhetorical questions rather than legal argument. No argument or discussion is set forth with respect to Point VII. Point IX is devoid of any citation to the <u>Rules of Professional Conduct</u> or applicable case law. Except as addressed herein, defendants' appellate contentions do not warrant further discussion. <u>R.</u> 2:11-3(e)(1)(E).[6]

Defendants contend that the arbitrator exceeded his authority by addressing the validity of the August 26 will, and Judge Contillo should have vacated the arbitrator's decision concerning that document. We disagree.

---

[6] J.L. submitted a brief in this appeal, purportedly as a "respondent." His brief raises essentially the same arguments presented in A-0175-14. We reject his arguments for the same reasons stated in section I above.

Judicial review of an arbitrator's award is quite limited, and a court may only vacate an award in the following circumstances:

> (1) the award was procured by corruption, fraud, or other undue means;
>
> (2) the court finds evident partiality by an arbitrator; corruption by an arbitrator; or misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
>
> (3) an arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 15 of this act, so as to substantially prejudice the rights of a party to the arbitration proceeding;
>
> (4) <u>an arbitrator exceeded the arbitrator's powers</u>;
>
> (5) there was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection pursuant to subsection c. of section 15 of this act not later than the beginning of the arbitration hearing; or
>
> (6) the arbitration was conducted without proper notice of the initiation of an arbitration as required in section 9 of this act so as to substantially prejudice the rights of a party to the arbitration proceeding.
>
> [<u>N.J.S.A.</u> 2A:23B-23 (emphasis added).]

Most recently, our Supreme Court reaffirmed the authority of an arbitrator to determine "in the first instance . . . the scope of the parties' submissions in order to identify the issues that the parties intended to arbitrate." Bound Brook Bd. of Educ. v. Ciripompa, __ N.J. __, __ (2017) (slip op. at 11) (quoting Metromedia Energy, Inc. v. Enserch Energy Servs., 409 F.3d 574, 579 (3d Cir. 2005), cert. denied, 546 U.S. 1089, 126 S. Ct. 1021, 163 L. Ed. 2d 852 (2006)).  Although a reviewing court will not "rubber stamp" the arbitrator's decision, the courts "will review the arbitrator's interpretation of the parties' intention under a 'highly deferential' standard."  Ibid.

Applying that standard here, the arbitrator did not exceed his authority by addressing the August 26 will.  As discussed in greater detail in Judge Contillo's February 28, 2011 opinion, the arbitrator's authority extended to "all matters subject to this action."  A fair interpretation of that phrase is that it signaled the parties' intent to arbitrate all issues that were or could have been raised in the pending litigation over Selma's estate. A central issue to be decided was which will - or purported will - governed her testamentary dispositions.  Deciding the validity of the August 26 will clearly fell within the scope of the arbitrator's authority.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0175-14T1